# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Melissa C.**
**Plaintiff Below, Petitioner**

**vs) No. 15-0863** (Kanawha County 14-C-567)

**West Virginia Department of Health & Human Resources; Bureau of Children & Families Protective Services, a/k/a Child Protective Services; Douglas Robinson, Commissioner; Toby Lester, Policy Director; and Tammy Bailey, Investigator/Agent Defendants Below, Respondents**

**FILED**

**May 20, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Melissa C.[1], by counsel Todd W. Reed, appeals the July 7, 2015, order of the Circuit Court of Kanawha County granting respondents' motion to dismiss. Respondents West Virginia Department of Health & Human Resources ("DHHR"), Bureau of Children & Families Protective Services a/k/a Child Protective Services ("CPS"), Douglas Robinson, Toby Lester, and Tammy Bailey, by counsel Kelly C. Morgan and Betsy L. Stewart, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner's claims herein arise from respondents' identification of petitioner as a "substantiated child abuser" in the Families and Children Tracking System ("FACTS").[2] While

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]FACTS system is a statewide automated child welfare information system established by the West Virginia Department of Health and Human Resources ("DHHR") for administration of Title IV-E child welfare programs. FACTS was designed and developed "based on the
(continued . . .)

petitioner acknowledges that, in 2000-2003, respondents investigated multiple allegations that petitioner's children were abused and/or neglected by petitioner's former boyfriend (and father of her youngest child), she argues that there were no substantiated allegations of child abuse made against her to justify her identification as a substantiated child abuser in the FACTS system.

It was not until February of 2012 that petitioner discovered she had been identified as a substantiated child abuser in the FACTS system, when a routine background check (completed in conjunction with an employment application) revealed the information.[3] Upon learning of her identification as a child abuser, petitioner filed an administrative grievance against the DHHR. A hearing was held on the grievance on March 27, 2012, after which the grievance was denied.[4]

On March 20, 2014, Petitioner filed the instant claims against respondents in Kanawha County Circuit Court. In her complaint, petitioner alleged intentional infliction of emotional distress, negligent infliction of emotional distress, deprivation of her rights, and false light. Petitioner sought compensatory damages (namely those associated with the loss of her employment), immediate removal of her name from the FACTS system, punitive damages, and costs. On August 4, 2014, respondents filed a motion to dismiss petitioner's claims. In its motion to dismiss, respondents argued that they were entitled to qualified immunity as to petitioner's claims. Petitioner filed a response to the motion to dismiss and a hearing was held on the motion on October 14, 2014. By order entered December 1, 2014, the circuit court denied respondents' motion to dismiss.

On February 27, 2015, respondents filed a second motion to dismiss, in which they argued that petitioner's claims were not proper as they were filed at a time outside of the applicable statute of limitations. Further, respondents argued that the circuit court lacked jurisdiction over petitioner's claims because petitioner failed to provide notice of her claims to respondents (as required by West Virginia Code § 55-17-3(a)(1)). On May 19, 2015, a hearing was held on respondents' motion to dismiss. On July 7, 2015, the circuit court entered its order granting respondents' motion to dismiss on the sole ground of petitioner's failure to provide pre-suit notice to respondents. The circuit court declined to rule on respondents' statute of limitations argument and noted that such an issue would be addressed when and if the case was refiled by

requirements established by the U.S. Department of Health and Human Services, Administration for Children and Families," to support the state's federal reporting for adoption and foster care analysis and reporting system as well as the National Child Abuse and Neglect Data System.

[3]As a result of the identification of her as a substantiated child abuser, petitioner alleges that she was terminated from her paid position as a home health provider for her daughter. Previous to her termination, petitioner had worked, without incident, as a home health provider for her daughter through West Virginia Waiver Services.

[4]The hearing examiner found that the DHHR followed policy and regulations in investigating petitioner and making the report to FACTS that petitioner was a substantiated child abuser.

2

petitioner. It is from the July 7, 2015, order that petitioner now appeals.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick*, 194 W.Va. 770, 461 S.E.2d 516 (1995). "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-6, [78 S.Ct. 99, 2 L.E.2d 80] (1957)." Syl. Pt. 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W.Va. 530, 236 S.E.2d 207 (1977).

On appeal, petitioner asserts two assignments of error. First she argues that the circuit court erred in granting respondents' motion to dismiss because she was entitled to offer evidence to support her constitutionally protected claims. Second, petitioner contends that the circuit court erred in dismissing her claims by applying a statute of limitations to her constitutional and equitable claims. We will address each of petitioner's assignments of error in turn.

In her first assignment of error, petitioner contends that she was denied fundamental constitutional protections when the circuit court ignored all the "operative facts" alleged in her complaint and granted summary judgment to respondents. Petitioner argues that her constitutional rights were violated in three ways: 1) she was not presented with a charging instrument setting forth any allegations of abuse and neglect; 2) she was not provided a hearing on the issue of whether she abused or neglected her children; and 3) she was not assigned or provided competent counsel to assist and defend her in any abuse and neglect proceeding.

Respondents argue that the circuit court's dismissal of petitioner's claims was proper as petitioner did not allege any facts that could have stated a claim upon which relief would be granted because petitioner admittedly failed to provide the mandatory pre-suit notice to respondents. As such, the circuit court lacked jurisdiction over petitioner's claims and such claims were properly dismissed. Based upon our review of the record before us, we agree.

We begin by examining West Virginia Code § 55-17-3(a)(1), which provides, in pertinent part, that

> [n]otwithstanding any provision of law to the contrary, at least thirty days prior to the institution of an action against a government agency, the complaining party or parties must provide the chief officer of the government agency and the Attorney General written notice, by certified mail, returned receipt requested, of the alleged claim and the relief desired. . . .

This Court has previously addressed pre-suit notification requirements and held that "[c]ompliance with the pre-suit notification provisions set forth in W. Va. Code § 55-17-3(a) (2002) is a jurisdictional pre-requisite for filing an action against a State agency . . ." Syl. Pt. 3, in part, *Motto, et al. v. CSX Transportation, Inc., et al*, 220 W.Va. 412, 647 S.E.2d 848 (2007).

In the instant case, petitioner does not dispute that her complaint was an "action" as

3

defined by West Virginia Code § 55-17-2(1),[5] or that the respondents were a government agency or individuals working in their official capacities for a government agency under West Virginia Code § 55-17-2(2).[6] Further, there is no dispute that petitioner did not provide the required notice. As such, the circuit court's dismissal of petitioner's action against respondents was mandatory and the circuit court's July 7, 2015, order must be affirmed.

Petitioner's second assignment of error is based upon the erroneous premise that the circuit court dismissed petitioner's claims herein by application of a statute of limitations. A review of the record reveals that during the hearing on respondents' second motion to dismiss, the circuit court explicitly ruled that respondents' " . . . motion on the grounds of pre-suit, it's granted. I'm not going to get into the statute of limitations at this time. If the case gets refiled or whatever, then you can go there." Therefore, in accord with our long held precedent, because this issue was not decided by the trial court, the same is not properly before this Court for review.[7]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:  May 20, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[5]West Virginia Code § 55-17-2(1) defines action as a "proceeding instituted against a governmental agency in a circuit court  . . . ."

[6]West Virginia Code § 55-17-2(2) defines government agency as a "constitutional officer or other public official named as a defendant or respondent in his or her official capacity, or a department, division, bureau, board, commission or other agency . . . ."

[7]*See* Syl. Pt. 2, *Sands v. Security Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958), ("This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance.")

4